Dye, J.
The novel question presented on this appeal turns upon the sufficiency of plaintiffs’ complaint alleging a sixth cause of action wherein they seek to rescind a proprietary lease agreement made pursuant to a co-operative ownership plan that had been set up without prior compliance with the Emergency Housing Rent Control Law and the State Rent and Eviction Regulations (L. 1946, ch. 274, as amd., § 1 et seq.). The courts below have held it sufficient. We think it is not and should be dismissed.
The complaint also alleged a seventh cause of action wherein plaintiffs sought to recover the down payment of $2,000 as rent in excess of the emergency rent which, having been dismissed below as barred by the two-year Statute of Limitations, is not before us.
Concededly, the subject premises, a five-story walk-up, were purchased in 1954 by defendant Carsen who took title in the name of the corporate defendant. At that time the premises were subject to the Emergency Housing Rent Control Law; some of the apartments were occupied by statutory tenants, with whom we are not concerned, and some were vacant. After taking title, the corporate owner made extensive renovations and remodeling. A co-operative plan of ownership was arranged whereby the purchaser of one share of the 10 shares of authorized corporate stock would become the owner of a 99-year proprietary lease on a designated apartment. In 1957 defendant Carsen, who had been in possession of previously voluntarily vacated apartment 1-W, vacated the apartment and offered the representative share of stock for sale. The plaintiffs, negotiating through a broker, defendant Karhan & Son, Inc., and Charles Karhan, entered into a purchase agreement whereby they paid $2,000 down and agreed to pay a monthly “ Maintenance Rent” of $41 (l/120th of the estimated annual cost of maintaining and operating the building) and a monthly “ Leasehold Lien Rent ” of $80, which represented the monthly interest of 6% on $16,000, the balance of the $18,000 purchase *435 price or “Lien Rent ”, The principal of $16,000 was to be paid on April 1, 1987 and the lease was to terminate on February 1, 2055. The plaintiffs took possession of the apartment. The plaintiff, Berte de Miniéis, served terms as president and director of the corporation in the years 1959 and 1960. When relations became strained over the proposed sale of the property which she favored and the defendant did not, the within suit was commenced. The only connection the Rent Commission has with this controversy is a notice dated April 18, 1962, sent out shortly after the commencement of this action, to the effect that the maximum monthly rental on apartment 1-W was $59.25 and that “ requirements for Cooperatives under Section 55 (3) have not been met ”.
Subdivision 3 of section 55 of the regulations lays down a procedure for converting controlled apartments into cooperatives, but the result of noncompliance is only that certificates of eviction will not be issued to the shareholders to dispossess the statutory tenants. Other similar sections of the statute likewise result in an inability to obtain such certificates.
For example, subdivision 4 of section 10 states that “ housing accommodations already on the rental market may be withdrawn only after prior written approval of the state rent commission, if such withdrawal requires that a tenant he evicted from such accommodations.” (Emphasis supplied.) (See, also,State Rent and Eviction Regulations, § 12.) It is thus clear that the Rent Commission has no jurisdiction over premises except in situations where statutory tenants in possession are sought to be evicted and has none here since, concededly, no statutory tenants in possession have been evicted, nor have any eviction orders been sought. Absent an eviction, the Rent Commission is without jurisdiction. As was said in People ex rel. McGoldrick v. Sterling (283 App. Div. 88, 92): “ The State’s police power is exercised through control of evictions Here, as we have said, the plaintiffs were not statutory tenants, but were in possession, not as the result of an eviction, but in reliance upon an agreement negotiated through a broker that was an aboveboard, arm’s length purchase and sale transaction with a fair financial arrangement. The plaintiffs at no time relied on any representation by defendants that the *436 rent laws had been complied with, and make no claim based on fraudulent inducement. To grant the relief sought under the circumstances established by this record would not advance the purpose and intent of the 'Emergency Housing Bent Control Law.
The order is reversed and the sixth cause of action dismissed, without costs.
Judges Fuld, Van Vooshis, Burke and Scileppi concur with Judge Dye; Chief Judge Desmond and Judge Bergan dissent and vote to affirm upon the majority opinion at the Appellate Division.
Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.